**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICK STEIN, | Case No. 19-cv-793-BAS-MDD |
| Plaintiff, | **ORDER** |
| | **(1) GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS;** |
| v. | **(2) DISMISSING CASE WITHOUT PREJUDICE;** |
| CITY OF SAN DIEGO, *et al.*, | **(3) DENYING MOTION FOR APPOINTMENT OF COUNSEL.** |
| Defendants. | **[ECF Nos. 2, 3]** |

Plaintiff Nick Stein has filed a complaint against eighteen Defendants: the City of San Diego, San Diego Police, San Diego Sheriff, City Prosecutor, City Manager, Police Chief David Nisleit, nine named San Diego police officers, and Harbor Patrol Officer Whittaker. ("Compl.," ECF No. 1.) Plaintiff brings numerous causes of actions against these Defendants.

Along with his Compliant, Plaintiff filed a motion for leave to proceed in forma pauperis, (ECF No. 2), and a motion for appointment of counsel, (ECF No. 3).

**I.     MOTION TO PROCEED IN FORMA PAUPERIS**

Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to

proceed without making such payment. The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993) (holding that "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"). It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id.* at 339. At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984).

District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See, e.g.*, *Stehouwer v. Hennessey*, 841 F. Supp. 316, 321 (N.D. Cal. 1994), *vacated in part on other grounds*, *Olivares v. Marshall*, 59 F.3d 109 (9th Cir. 1995). Moreover, "*in forma pauperis* status may be acquired and lost during the course of litigation." *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S-06-0791, 2009 WL 311150, at \*2 (E.D. Cal. Feb. 9, 2009) (citing *Stehouwer*, 841 F. Supp. at 321). Finally, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Having read and considered Plaintiff's application, the Court finds that Plaintiff meets the requirements for IFP status under 28 U.S.C. § 1915. Plaintiff is unemployed and earns a total of $865/month through disability benefits. Plaintiff has a total of $190 in his bank accounts and has two cars which he values at $500 each. Plaintiff's monthly expenses are $865/month. Under these circumstances, the

1    Court finds that requiring Plaintiff to pay the court filing fees would impair his ability

2    to obtain the necessities of life. *See Adkins*, 335 U.S. at 339. The Court therefore

3    **GRANTS** Plaintiff leave to proceed in forma pauperis. However, if it appears at any

4    time in the future that Plaintiff's financial picture has improved for any reason, the

5    Court will direct Plaintiff to pay the filing fee to the Clerk of the Court. This includes

6    any recovery Plaintiff may realize from this suit or others and any assistance Plaintiff

7    may receive from family or the government.

8    **II.    SCREENING**

9    The Court must screen every civil action brought pursuant to 28 U.S.C.

10    § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim

11    on which relief may be granted," or "seeks monetary relief against a defendant who

12    is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254

13    F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are

14    not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000)

15    (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district

16    court to dismiss an in forma pauperis complaint that fails to state a claim").

17    As amended by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C.

18    § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP

19    provisions of § 1915 make and rule on its own motion to dismiss before directing the

20    Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See*

21    Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12-cv-0629-WQH

22    (DHB), 2013 WL 139925, at \*1 (S.D. Cal. Jan. 9, 2013).

23    All complaints must contain a "short and plain statement of the claim showing

24    that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual

25    allegations are not required, but "[t]hreadbare recitals of the elements of a cause of

26    action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*,

27    556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555

28    (2007)). "[D]etermining whether a complaint states a plausible claim is context-

specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

Plaintiff's 103-page complaint is verbose and detailed. Plaintiff's allegations are varied, broad, and range over a period of about seventeen years. Plaintiff begins by alleging the City of San Diego has a policy of "removing the homeless from the community" and he has been ticketed, harassed, and battered because he lives out of his vehicle. (Compl. ¶ 2.)[1] Plaintiff then makes lengthy accusations against "the city prosecutor" who, in August 2018, allegedly fabricated cause to arrest Plaintiff, brought false charges, excluded evidence from the jury, and "ignored Plaintiff's due process rights." (*Id.* ¶¶ 22–41.) Next, Plaintiff alleges various officers have falsely arrested him, seized him, humiliated him, and threatened him. (*See, e.g.*, *id.* ¶¶ 44–161.) Plaintiff also alleges various issues with the jail where he was held. (*Id.* ¶¶ 194–202 (alleging the "food in jail is poison" and it "got very cold in the jail").)

Plaintiff also includes multiple allegations regarding a domestic violence matter that occurred in December 2011 between him and his ex-wife's boyfriend. (*Id.* ¶ 279.) Plaintiff then details his family court case against his ex-wife and makes allegations against his ex-wife's attorney. (*Id.* ¶¶ 293, 303–306.) Plaintiff also adds in facts about being charged with kidnapping his son in 2002, and further states that the police have violated his son's rights. (*Id.* ¶¶ 276, 299.) These allegations do not appear to be connected to Plaintiff's allegations against the City and various police

---

[1] Plaintiff references a case currently pending in this district, *Bloom v. City of San Diego*. There, Judge Battaglia granted the plaintiffs' motion for a preliminary injunction to enjoin enforcement of San Diego Municipal Code section 86.0137(f). (17-cv-2324, ECF No. 44.) Judge Battaglia enjoined the City of San Diego from ticketing any person, impounding any vehicle, or prosecuting tickets under the municipal code. (*Id.* at 15.)

Plaintiff states he was forced to file this action because, among other things, the City did not stop enforcing the municipal code. (Compl. ¶ 14.)

officers for "targeting" him for living in his van and for violating his constitutional rights.[2]

Plaintiff brings causes of action for violations of 42 U.S.C. § 1983 and the California Constitution (right to procedural due process, right to substantive due process, equal protection, and excessive force.) He also brings causes of action for violation of the Bane Act (California Civil Code § 52.1), false arrest, excessive force, retaliation, false imprisonment, malicious prosecution, and for the City's failure to properly screen, hire, train, and discipline its employees.

In addition to the grounds for sua sponte dismissal set out in § 1915(e)(2)(B), the district court may also dismiss a complaint for failure to comply with Federal Rule of Civil Procedure 8 if the complaint fails to provide the defendant fair notice of the wrongs allegedly committed. Rule 8 requires that each pleading include a "short and plain statement of the claim," and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1); *see Ashcroft*, 556 U.S. at 677–78. The Court finds Plaintiff's Complaint does not comply with Rule 8. Plaintiff's Complaint is "argumentative, prolix, replete with redundancy" and contains many irrelevant accusations. *See McHenry v. Renne*, 84 F.3d 1172, 1178–80 (9th Cir. 1996); *see also Cafasso, United States ex rel. v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling," while noting that "[o]ur district courts are busy enough without having to penetrate a tome approaching the magnitude of *War and Peace* to discern a plaintiff's claims and allegations"). Plaintiff's repetitive, overly broad, and disconnected allegations are far from simple and concise, contain excessive and unnecessary detail, and do not allow each named Defendant to understand the nature of the claims against it.

---

[2] Plaintiff's ex-wife and her attorney are not named as Defendants; thus, it appears the allegations regarding Plaintiff's divorce and custody issues are irrelevant.

1     For this reason, the Court dismisses Plaintiff's Complaint but allows Plaintiff

2     an opportunity to file an amended complaint. Plaintiff's amended complaint must

3     include a "short and plain statement" of each of his claims and must not contain any

4     repetitive or irrelevant information. Plaintiff is to concisely explain "what

5     circumstances were supposed to have given rise to the various causes of action"

6     without containing excessive or argumentative detail. *See McHenry*, 84 F.3d at 1178.

7     Plaintiff may file an amended complaint <u>on or before August 1, 2019.</u>

8

## III.   MOTION FOR APPOINTMENT OF COUNSEL

9     "[T]here is no absolute right to counsel in civil proceedings." *Hedges v.*

10    *Resolution Tr. Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994). Thus,

11    federal courts do not have the authority "to make coercive appointments of counsel."

12    *Mallard v. U.S. District Court*, 490 U.S. 296, 310 (1989); *see also United States v.*

13    *$292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

14    Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1)

15    to "request" that an attorney represent indigent civil litigants upon a showing of

16    "exceptional circumstances." *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101,

17    1103 (9th Cir. 2004); *accord Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

18    "A finding of the exceptional circumstances of the plaintiff seeking assistance

19    requires at least an evaluation of the likelihood of the plaintiff's success on the merits

20    and an evaluation of the plaintiff's ability to articulate his claims 'in light of the

21    complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting

22    *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v.*

23    *Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

24    Here, Plaintiff states he has contacted various law firms in San Diego, all of

25    which have rejected him or not responded to him. (ECF No. 3.) Plaintiff states he is

26    unfamiliar with the legal process and the legal standards. (*Id.* at 3.) Having reviewed

27    Plaintiff's request, the Court concludes the circumstances fail to demonstrate

28    "exceptional circumstances" warranting the appointment of counsel at this time.

First, the case is still in the very early stages and Plaintiff's success on the merits is unclear. And second, as described above, Plaintiff's Complaint is extremely detailed and is full of factual allegations, legal citations, and case law. Because Plaintiff is being permitted leave to amend his complaint, his ability to articulate his claims is also unclear at this time. The Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion. (ECF No. 3.)

## IV. CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** Plaintiff's Motion for Leave to Proceed in Forma Pauperis, (ECF No 2);

(2) **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Appointment of Counsel, (ECF No 3);

(3) **DISMISSES** Plaintiff's Complaint for failure to comply with Rule 8; and

(4) **GRANTS** Plaintiff leave to file an amended complaint <u>on or before August 1, 2019</u>. *If Plaintiff fails to file an amended complaint by this date, his case may be dismissed for failure to prosecute.*

**IT IS SO ORDERED.**

**DATED: June 19, 2019**

Hon. Cynthia Bashant
United States District Judge