# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK STEIN,<br><br>                 Plaintiff,<br><br>    v.<br><br>CITY OF SAN DIEGO, *et al.*,<br><br>                 Defendants. | Case No. 19-cv-793-BAS-MDD<br><br>**ORDER:**<br>  **(1) GRANTING IN PART POLICE OFFICERS' MOTION TO DISMISS;**<br>  **(2) GRANTING CITY OF SAN DIEGO'S MOTION TO DISMISS**<br><br>**[ECF Nos. 17, 24]** |

      Plaintiff Nick Stein, proceeding pro se, filed a complaint against the City of San Diego, the San Diego Police Department, and six individual police officers. (First Amended Complaint, "FAC," ECF No. 6.) Plaintiff alleges four violations under 42 U.S.C. § 1983: illegal search and seizure, excessive force, retaliation, and a *Monell* violation. Currently pending before the Court are two Motions to Dismiss: one by the City of San Diego and the San Diego Police Department, (ECF No. 17), and the other by the six officers, (ECF No. 24). Plaintiff opposes both Motions, (ECF Nos. 19, 24), and Defendants filed replies in support of their Motions, (ECF Nos. 22, 28). After the Motions were filed, Plaintiff voluntarily dismissed his claims against the San Diego Police Department. (ECF No. 29.)

      The Court finds the Motions suitable for determination on the papers and without oral argument. *See* Civ. L. R. 7.1(d)(1). For the reasons stated below, the

Court **GRANTS IN PART** the Officers' Motion and **GRANTS** the City's Motion.

## I. FACTUAL ALLEGATIONS[1]

On March 15, 2019, Plaintiff was arrested "while he was admiring the view of the Pacific Ocean from atop [a] hill." (FAC ¶ 19.) Plaintiff was arrested by Defendant Gonzales, who handcuffed him and "violently" bent and pressed him over the hood of the patrol car. (*Id.* ¶ 22.) Defendants Gonzales and Montalbano found no evidence of a crime at the scene, but arrested Plaintiff for resisting arrest. (*Id.* ¶ 23.) The police report states that Plaintiff resisting arrest by "reaching for a weapon[,]" "kicking the patrol car window[,]" and "slipp[ing] the [hand]cuffs." (*Id.* ¶ 20.) Plaintiff alleges these statements are not true but they formed the basis of a false charge of resisting arrest. (*Id.*)

Plaintiff states the officers put him in a patrol car while they "look[ed] for a crime involving the Plaintiff and found none." (*Id.* ¶ 24.) The officers then told Plaintiff to get out of the car, and Gonzales "and the other defendant officers threw Plaintiff face down in the street." (*Id.* ¶ 29.) Plaintiff alleges there was no reason for the officers' conduct, namely: "throwing him down, punching, kicking, strapping, and, but not limited to, rolling him around on the pavement of the street." (*Id.* ¶ 31.)

Plaintiff was then placed in a "wrap" which is a device used to keep a person stationary. (*Id.* ¶ 35.) Defendants Adams and Gonzales forcefully "fold[ed] Plaintiff in half" to apply the wrap on his body, putting him in "extreme pain." (*Id.* ¶ 38.) He was wrapped so tightly by Defendants Montalbano, Ellsworth, and Layton that it caused his skin to bleed and bruise and he could not breathe. (*Id.* ¶¶ 36, 40.) Plaintiff was placed in the back of the patrol car and taken to jail. (*Id.* ¶ 48.)

## II. LEGAL STANDARD

A complaint must plead sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal

---

[1] The Court accepts all factual allegations pleaded in the complaint as true. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).

quotation marks and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

### III. ANALYSIS

#### A. Officers' Motion to Dismiss

##### 1. Judicial Notice

The officers ask the Court to take judicial notice of a jury verdict finding Plaintiff guilty of resisting and/or delaying an officer in violation of Penal Code section 148(a)(1), as well as the complaint charging him with said misdemeanor. (ECF No. 24-2.) Plaintiff agrees he was charged and convicted at trial of resisting arrest. ("Opp'n to Officers," ECF No. 27, at 10.) The Court may take judicial notice of matters of public record, including prior federal and state court proceedings. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *see also Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006) (allowing for judicial notice in federal court of state court orders and proceedings). Here, the accuracy of the jury verdict

and the complaint as public records of prior proceedings can be determined by readily available resources whose accuracy cannot reasonably be questioned. Further, Plaintiff does not dispute the accuracy of the documents. Therefore, the Court **GRANTS** the City's request and takes judicial notice of the jury verdict and the complaint.

Plaintiff asks the Court to take judicial notice of four arrest reports prepared by the officers after Plaintiff's arrest. (Exhibits 1 through 4 of ECF No. 27-3.) Interestingly, Plaintiff himself provided the Court with the arrest reports, but his complaint and opposition dispute the accuracy of the reports. For example, he claims that the statements in the reports that he "was reaching for a weapon[,]" "kicking the patrol car window[,]" and had "slipped the cuffs" are "false statements. . . used to obtain the cooperation of the Prosecutor in falsifying charges against Plaintiff." (FAC ¶ 20.) "When parties dispute the facts contained in a police report, courts within the Ninth Circuit will generally decline to take judicial notice." *Zuccaro v. Martinez Unified Sch. Dist.*, No. 16-CV-02709-EDL, 2016 WL 10807692, at *5 (N.D. Cal. Sept. 27, 2016) (citing cases). Here, although Plaintiff is asking the Court to judicially notice the reports, given his pro se status and the firmness with which he opposes the truth of the reports, the Court declines to take judicial notice of them.[2]

### 2. Analysis

#### a. Illegal Search and Seizure

The Fourth Amendment prohibits "unreasonable searches and seizures." Reasonableness is generally assessed by carefully weighing "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the

---

[2] Plaintiff also asks the Court to take judicial notice of a letter from the Community Review Board on Police Practices. (Exhibit 5 to ECF No. 27-3.) The Court may take judicial notice of matters of public record outside the pleadings that are not subject to reasonable dispute. Fed. R. Evid. 201(b). But there is no evidence that the letter is "a matter of public record" thus, the Court declines to take judicial notice of the letter.

importance of the governmental interests alleged to justify the intrusion." *Tennessee v. Garner*, 471 U.S. 1, 8 (1985).

Plaintiff claims there was no probable cause to believe he had committed a crime, but he was arrested, and he and his property were searched. (FAC ¶ 60.) He states he was arrested, handcuffed, and placed in a patrol car for "resisting arrest," and then the officers searched him and his van. (*Id.* ¶ 63.)

The Court first addresses Plaintiff's arrest. To recover damages for an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486–487 (1994). A claim for damages based upon a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *See id.* at 487. Plaintiff was arrested and convicted for resisting arrest. Because he is claiming that he was arrested without probable cause, his claim is barred by *Heck*. *See Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (holding *Heck* bars plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded charges against him); *see also Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (holding *Heck* generally bars claims challenging the validity of an arrest, prosecution or conviction). As to the search of Plaintiff's person after the arrest, the search incident to a lawful arrest exception allows a police officer to search an arrestee's person and the area within the arrestee's immediate control. *Arizona v. Gant*, 556 U.S. 332, 339 (2009). Thus, Plaintiff may not bring claims alleging he was arrested without probable cause or that the officers could not search him incident to arrest.

The Court next turns to the allegation that Defendants unlawfully searched Plaintiff's van. Defendants first argue that Plaintiff did not allege in his complaint

that his van was searched, so he cannot raise the claim now. ("Officers Reply," ECF No. 28, at 3.) This is a disingenuous argument that can be resolved by a simple reading of the First Amended Complaint, wherein Plaintiff alleges that Defendants searched his van after they handcuffed him and placed him in the patrol car. (FAC ¶¶ 61, 63.) Defendants next argue that the van was not in fact searched, but was "merely cleared by officers." (Officers Reply at 3.) As Defendants must know, the Court must accept all factual allegations in the complaint as true, and Plaintiff pleads that the officers searched his van. (FAC ¶¶ 61–63.) Finally, Defendants argue that the officers had probable cause to search the van for "additional allegedly-stolen bicycles or tools that could be used to steal bicycles because they were directed to plaintiff's location to investigate the crime." (Officers Reply at 3.) But Plaintiff was not arrested for theft.

In *Arizona v. Gant*, 556 U.S. 332 (2009) the Supreme Court analyzed the search incident to arrest exception. There, the defendant was handcuffed and secured in a patrol car and the officer searched his car. *Id.* at 344. The Court found the defendant "was not within reaching distance of this car at the time of the search" and there was no "evidentiary basis for the search" because he had been "arrested for driving with a suspended license—an offense for which police could not expect to find evidence in the passenger compartment of [his] car." *Id.* The Court further concluded that circumstances unique to the vehicle context justify a search incident to a lawful arrest when it is "reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." *Id.* (quoting *Thorton v. United States*, 541 U.S. 615, 632 (2004)).

Accepting Plaintiff's allegations as true, *Arizona v. Gant* applies here; Plaintiff was arrested for resisting arrest and then secured in a patrol car. (FAC ¶¶ 61, 62.) Plaintiff was not arrested for stealing bicycles. No evidence relevant to the crime of resisting arrest could be found in his van, thus, there is no justification to search the van incident to his arrest. *See United States v. Phillips*, 9 F. Supp. 3d 1130, 1137

(E.D. Cal. 2014) (holding because the defendant was arrested for resisting arrest, *Gant* does not permit the officers to search his car). Therefore, Plaintiff has sufficiently pled an illegal search. The Court **DENIES** the Motion to Dismiss this claim as it relates to the search of the van. But as noted above, Plaintiff's claim that he was arrested without probable cause and then searched is barred.

### b. Excessive Force

"A person is seized by the police and thus entitled to challenge the government's action under the Fourth Amendment when the officer, 'by means of physical force or show of authority,' terminates or restrains his freedom of movement, 'through means intentionally applied.'" *Brendlin v. California*, 551 U.S. 249, 254 (2007) (citations and emphasis omitted). Plaintiff alleges the officers intentionally seized him when they arrested him, placed him in a wrap, and put him in the back of a police car. Thus, the issue is whether the force used during the seizure was objectively reasonable. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 921 (9th Cir. 2001) (citing *Graham v. Connor*, 490 U.S. 386, 388 (1989).)

The officers devote only one short paragraph in arguing for the dismissal of this claim, wherein they claim that *Heck v. Humphrey*, 512 U.S. 477 (1994) controls. (Officers Mot. at 11.) Defendants argue if the Court does not dismiss the excessive force claim, this calls into question the validity of Plaintiff's criminal conviction. But, the Ninth Circuit has clearly held that *Heck v. Humphrey* may not be used to bar evidence in a § 1983 claim for excessive force. *Simpson v. Thomas*, 528 F.3d 685, 691 (9th Cir. 2008). "[S]uccess on the merits of [Plaintiff's] excessive force claim does not necessarily imply the invalidity of his rule-violation conviction." *Hackworth v. Rangel*, 482 F. App'x 299 (9th Cir. 2012). Plaintiff alleges he was thrown to the ground, kicked, and placed in a wrap so tightly that he could not breathe and was bruised. Accepting Plaintiff's allegations as true, along with the allegations that Plaintiff was not attempting to escape, Plaintiff has sufficiently pled that the

force was unreasonable. The Court **DENIES** the Motion to Dismiss this claim.

      c.  **Retaliation**

  In his retaliation cause of action, Plaintiff alleges he was exercising his Constitutional rights in asking Defendants why they arrested him without probable cause, and "[a]s a result" he was detained and arrested. (FAC ¶¶ 80, 82.) There are three elements to a First Amendment retaliation claim:

> [A] plaintiff must show that (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity[,] and (3) the protected activity was a substantial or motivating factor in the defendant's conduct.

*O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016). "Once a plaintiff has made such a showing, the burden shifts to the government to show that it 'would have taken the same action even in the absence of the protected conduct.'" *Id.*

  In moving to dismiss the claim, the officers argue the jury verdict proves that there was probable cause to arrest Plaintiff. "A number of courts have held . . . that where there is probable cause to arrest, the arrestee can not maintain a separate claim for retaliation under the First Amendment based on speech that was made prior to the arrest." *Sorgen v. City & Cty. of San Francisco*, No. C 05-03172 TEH, 2006 WL 2583683, at *8 (N.D. Cal. Sept. 7, 2006) (citing cases); *Cairns v. County of El Dorado*, No. 2:15-cv-814-MCE-CKD, 2015 WL 9319248, at *4 (E.D. Cal. Dec. 23, 2015), *aff'd*, 694 F. App'x 534 (9th Cir. 2017) ("To state a claim for retaliation— whether based on a retaliatory arrest or a retaliatory prosecution—a plaintiff must allege and prove the absence of probable cause.").

  Here, Plaintiff was convicted of resisting arrest. Thus, this shows there was probable cause for the arrest. *See Keidel v. Terry*, 105 F. App'x 149, 150 (9th Cir. 2004) (holding the jury's "verdict of guilty beyond a reasonable doubt demonstrates that there was probable cause to charge the defendant with the offenses for which he was convicted"). Plaintiff thus may not maintain his retaliation claim and the Court

**GRANTS** the Motion to Dismiss this claim. Because granting Plaintiff leave to amend would constitute an exercise in futility, the dismissal is with prejudice.

### d. Defendant Nisleit

Defendants move to dismiss the claim brought against Defendant Nisleit, the Chief of Police. Plaintiff states he brings a claim against Nisleit under *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658 (1978). He alleges that Nisleit maintained a custom, policy, or practice "of using excessive force, falsely arresting, imprisoning, and retaliating against citizens who object to the racial profiling, harassment and discriminatory actions by San Diego police officers." (FAC ¶ 85.)

To the extent Plaintiff is suing Nisleit under a theory of supervisory liability, he must show Nisleit's (1) "personal involvement in the constitutional deprivation," or (2) "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). Supervisory liability can arise without personal involvement "if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Id.* "A supervisor can be liable in his individual capacity 'for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.'" *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998) (internal alteration omitted).

There is no allegation that Nisleit was personally involved in Plaintiff's arrest. Plaintiff therefore must make a claim under the "sufficient casual connection" prong. The only support Plaintiff presents for his claim of Nisleit's unconstitutional policy is that Defendants were not prosecuted for using the wrap to secure and transport Plaintiff to jail. (FAC ¶ 86.) The complaint is devoid of any factual allegations sufficient to show either that Nisleit "participated in or directed [other officers']

violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Therefore, Plaintiff has not stated a claim against Nisleit and the Court **DISMISSES** Nisleit from this lawsuit.[3]

In sum, the Court **DENIES** the Motion to Dismiss Plaintiff's search and seizure claim (as it relates to the search of the van) and the excessive force cause of action. The Court **GRANTS** the Motion to Dismiss the retaliation cause of action without leave to amend. The Court **GRANTS** the Motion to Dismiss the supervisory liability cause of action against Nisleit but grants Plaintiff leave to amend this claim.

### B. The City's Motion to Dismiss

Plaintiff alleges the City, like Nisleit, maintained a custom, policy, or practice "of using excessive force, falsely arresting, imprisoning, and retaliating against citizens who object to the racial profiling, harassment and discriminatory actions by San Diego police officers." (FAC ¶ 85.) A municipal entity is liable under section 1983 only if the plaintiff alleges his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Monell*, 436 U.S. at 691; *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). The City of San Diego may not be held vicariously liable under section 1983 simply based on allegedly unconstitutional acts of its employees. *Jackson v. Barnes*, 749 F.3d 755, 762 (9th Cir. 2014). Instead, the municipality may be held liable "when execution of a government's policy or custom . . . inflicts the injury." *Monell*, 436 U.S. at 694.

As noted above, Plaintiff provides no support for his allegation that the City has a policy in place that caused his constitutional injury. Without any factual allegations, Plaintiff has not stated a *Monell* claim against the City. The Court

---

[3] To the extent that Plaintiff also sues Nisleit in his official capacity, his claim is treated as a claim against the City under *Monell*. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

**GRANTS** the City's Motion to Dismiss but grants Plaintiff leave to amend this claim.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the police officers' Motion to Dismiss (ECF No. 24) and **GRANTS** the City of San Diego's Motion to Dismiss (ECF No. 17).

Plaintiff is granted leave to file a second amended complaint that cures the deficiencies noted herein <u>on or before May 13, 2020.</u> The Court cautions Plaintiff that the amended complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his amended complaint will be considered waived. See Civ L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an amended complaint within the time provided or file a motion requesting more time, the police officers are to file an answer <u>on or before May 27, 2020</u>, and this case will proceed on the remaining causes of action against the officers only.

**IT IS SO ORDERED.**

**DATED: March 20, 2020**

Hon. Cynthia Bashant
United States District Judge